Eliason v. Burnham.

---

EMIL J. ELIASON, APPELLEE, V. S. H. BURNHAM, JR., ET AL., APPELLANTS.

FILED JULY 31, 1924. No. 22885.

Evidence examined, and *held* not sufficient to sustain the verdict and judgment.

APPEAL from the district court for Fillmore county: RALPH D. BROWN, JUDGE. *Reversed.*

*Stout, Rose, Wells & Martin, C. L. Stewart, H. A. Reese* and *Bruce Fullerton,* for appellants.

*Waring & Waring, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, and THOMPSON, JJ., and REDICK, District Judge.

DAY, J.

Action by plaintiff to recover damages against the defendants based upon alleged misrepresentation and fraud on part of defendants in inducing plaintiff to purchase 160 acres of land in Jefferson county, Idaho. The answer of the defendants denied any misrepresentation or fraud in the transaction. The trial resulted in a verdict for plaintiff for $16,000 with interest thereon, aggregating $17,900.81, for which judgment was rendered. Defendants appeal.

At the close of plaintiff's testimony the defendants moved the court to instruct a verdict in their favor. This motion was overruled. Thereupon defendants introduced no evidence, and made no argument to the jury. The defendants contend that there is no evidence in the record to sustain the verdict and judgment.

Upon the issue as to whether there was misrepresentation and fraud in procuring the contract, we think the evidence was sufficient.

It is contended that there was no evidence upon which the jury could base its verdict for damages. It was plaintiff's theory, as disclosed by his petition and the opening statement to the jury made by his counsel, that his damages were the difference between the value of the land in the condition it was in and its value had it been as represented. There is evidence in the record tending to show that the land was practically valueless for agricultural purposes or for pasture. Plaintiff attempted to show by a witness what the value of the land would have been had it been as represented by defendants. This question was put in three or four different forms, but in each instance an objection to the testimony was sustained. There is no testimony in the record as to what the value of the land would have been had it been as represented, and therefore there was no basis for the jury to arrive at a verdict in the amount found.

The court correctly instructed the jury as to the measure of damages, and also instructed them that they must base their verdict upon the evidence. Under the state of the

record, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Fraud, 27 C. J. p. 108, sec. 269½.